IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARCUS A. MALEY,**

                **Plaintiff,**

      v.                        CASE NO.  11-3143-SAC

**WYANDOTTE COUNTY,**
**et al.,**

                **Defendants.**

### O R D E R

This pro se action was filed as a civil rights complaint, 42 U.S.C. § 1983, by Mr. Maley.  He names as defendants Wyandotte County, Wyandotte County Jail (WCJ), and Sheriff of Wyandotte County; however he states in his poverty affidavit that he is not currently incarcerated.

Plaintiff lists the following conclusory "counts:" detained without formal charges, jail facility conditions, implants, torture, "attempt at murder," and illegal use of augmented reality."  He does not allege a single fact to explain or support any of these counts.  He then lists a few incomplete cites with no analysis.  Plaintiff seeks $100,000,000.00 in damages.

Plaintiff has also filed an application to proceed in forma pauperis (Doc. 2) stating that he has no cash, accounts, or property.  The court finds that this motion shall be granted.

Mr. Maley requests "a change of venue" to the Western District of Missouri.  This request is denied.  He alleges no facts

or authority indicating that this case against defendants in Kansas could properly have been brought in the District of Missouri. Nor does he suggest why he filed this case here rather than in Missouri if that is the proper venue.

Plaintiff has filed a motion seeking a "restraining order against all law enforcement, city, state, and federal . . . in the United States." No legal or factual basis for this motion is suggested, and it is denied.

The court is required by statute to "dismiss at any time" a complaint brought in forma pauperis or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court finds that the complaint in this case is subject to being dismissed under § 1915(e)(2)(B) for the following reasons.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citations omitted); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). Neither "Wyandotte County" nor the "Wyandotte County Jail" is a "person" amenable to suit for money damages under Section 1983.

In addition, the court finds that plaintiff has failed to allege any facts to state a claim of federal constitutional

2

violation under Section 1983. A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Furthermore, an essential element of a § 1983 complaint is the personal participation of each person that is named as a defendant. Plaintiff utterly fails to describe any act on the part of the "Wyandotte County Sheriff" showing his or her personal participation in an unconstitutional act or acts that would entitle Mr. Maley to damages.

Mr. Maley is given the opportunity to show cause why this action should not be dismissed as frivolous and for failure to state a claim. If he fails to file an adequate response within the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to show cause why this action should not be dismissed as frivolous and for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted, that plaintiff's request for change of venue and speedy trial[1] (Doc. 3) is denied, and that plaintiff's Motion for a restraining order (Doc. 4) is denied.

---

[1] This is not a criminal action in which a motion for speedy trial may be filed, and plaintiff presents no authority or facts to support this request in this civil action.

**IT IS SO ORDERED.**

Dated this 12th day of September, 2011, at Topeka, Kansas.

                                        s/Sam A. Crow
                                        U. S. Senior District Judge

4